IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THOMAS V. WIGINGTON III,<br><br>                Petitioner,<br>v.<br><br>JEAN SALT, et al.,<br><br>                Respondents,<br><br>UNITED STATES OF AMERICA,<br><br>                Intervenor – Respondent. | MEMORANDUM DECISION AND ORDER GRANTING [10] UNITED STATES' MOTION TO VACATE DEFAULT JUDGMENT<br><br>Case No. 4:18-cv-0086-DN<br><br>District Judge David Nuffer |

       Intervenor, the United States of America ( the "United States"), filed the Motion to Vacate Default Judgment (the "Motion") on February 1, 2018.[1] The United States seeks, under Fed. R. Civ. P. 55(c) and 60(b)(4), to set aside the Default Judgment[2] that was entered in favor of Petitioner Thomas V. Wigington III ("Petitioner") by the Seventh Judicial District Court of Utah ("State Court") prior to the removal[3] of this case to federal court.

       Notice of the Motion was mailed to Petitioner.[4] Petitioner did file any response to the Motion with the Court within the allotted time under DUCivR 7-1(b)(3), even accounting for an additional three days provided for mailing under Fed. R. Civ. P. 6(d). Instead, Petitioner mailed a

---

[1] United States' Motion to Vacate Default Judgment, docket no. 10, filed February 1, 2019.

[2] Notice of Removal, Exhibit D, Default Judgement in State Court, docket no. 2-7, filed December 12, 2018.

[3] Notice of Removal, docket no. 2, filed December 12, 2018.

[4] Motion at 8.

responsive letter (the "Letter") to the United States.[5] Petitioner later mailed the same Letter[6] to the Court well after the expiration of the time allotted for response under DUCivR 7-1(b)(3). As outlined below, because no response was timely filed with the Court and because the United States' legal argument is sound, the Motion is granted.

On September 20, 2017, the State Court entered Default Judgment in Case No. 170700009.[7] In doing so, the State Court granted Petitioner title to five parcels of land on the basis of adverse possession.[8] A year after entry of the Default Judgment, the State Court granted the United States' postjudgment motion to intervene in the case.[9] The United States then removed this matter to federal court.[10]

The basis for the United States' postjudgment intervention, removal to federal court, and the present Motion is the same: the United States contends that these parcels of lands are actually land allotments held in trust by the United States for the benefit of the Ute Mountain Ute Tribe ("Tribe") and certain individual tribal members[11] The United States argues that the State Court lacked jurisdiction to grant Petitioner's quiet title claims on federal land[12] and that the Default Judgment is void because suits against the United States based upon adverse possession are prohibited.[13]

---

[5] Reply in Support of the United States' Motion to Vacate Default Judgment Exhibit A, Letter, docket no. 11, filed March 1, 2019.

[6] Correspondence from Petitioner, docket no. 13, filed March 4, 2019.

[7] Docket no. 2-7.

[8] *Id.*

[9] Notice of Removal, Exhibit A–Order Granting US Motion to Intervene, docket no. 2-2, filed December 12, 2018.

[10] Docket no. 2.

[11] Motion at 1.

[12] *Id.* at 6.

[13] *Id.*

DUCivR 7-1 establishes that when a party fails to timely respond to motion—other than one for summary judgment—the motion may be granted without further notice.[14] Although Petitioner mailed the Letter to the United States within the allotted time to respond to the Motion, Petitioner did not mail the Letter to the Court at that time.

DUCivR 5-1 provides that "all pleadings and other case-related documents must be filed with the clerk at the office of record in Salt Lake City . . . in person . . . or by mail."[15] When Petitioner did finally file the Letter with the Court by mail, the response time under DUCivR 7-1(b)(3) had expired. "[P]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[16] Because Petitioner failed to comply with the timing and filing requirements of the Local Civil Rules of Procedure, Petitioner has failed to timely respond to the motion.

Because Petitioner has failed to respond to the Motion, and because the United States has offered well-grounded legal argument and persuasive authority regarding the State Court's lack of jurisdiction to enter default judgment and the voidness of that default judgment, the Motion is granted.

---

[14] DUCivR 7-1(d).

[15] DUCivR 5-1(b).

[16] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

## ORDER

IT IS HEREBY ORDERED that the United States' Motion[17] is GRANTED. The Default Judgment[18] is VOID and is VACATED.

Signed April 18, 2019.

BY THE COURT

David Nuffer
United States District Judge

---

[17] United States' Motion to Vacate Default Judgment, docket no. 10, filed February 1, 2019.

[18] Notice of Removal, Exhibit D, Default Judgement in State Court, docket no. 2-7, filed December 12, 2018.