IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THOMAS V. WIGINGTON III,<br><br>     Petitioner,<br>v.<br>JEAN SALT, et al.,<br><br>     Respondents,<br>UNITED STATES OF AMERICA,<br><br>     Intervenor–Respondent. | **MEMORANDUM DECISION AND ORDER GRANTING [16] UNITED STATES' MOTION TO DISMISS**<br><br>Case No. 4:18-cv-0086-DN-PK<br><br>District Judge David Nuffer |

    The United States of America ( the "United States"), filed the Motion to Dismiss (the "Motion") on June 7, 2019.[1] The United States seeks to dismiss the Petition to Quiet Title (the "Petition")[2] filed by Petitioner Thomas V. Wigginton III ("Petitioner"). The United States mailed notice of the Motion to Petitioner.[3] Petitioner did not file any response to the Motion within the allotted time under DUCivR 7-1(b)(3), even accounting for an additional three days provided for mailing under Fed. R. Civ. P. 6(d). Because no federal subject matter jurisdiction over the Petition can exist under the express terms of the Quiet Title Act, the Motion is granted.

---

[1] United States' Motion to Dismiss, docket no. 16, filed June 7, 2019.

[2] Notice of Removal, Exhibit C, Original Quiet Title Petition ("Petition") at 6-10, docket no. 2-5, filed November 19, 2019.

[3] Request to Submit for Decision [16] United States' Motion to Dismiss at 1, docket no. 17, filed July 10, 2019.

**BACKGROUND**

Petitioner is seeking to obtain title to five parcels of lands, containing 160 acres each and 800 acres in total, located in San Juan County, Utah.[4] These five parcels (collectively, the "Lands") are described in detail in the Petition and in deeds attached to the Petition.[5]

The Lands are land allotments held in trust by the United States for the benefit of the Ute Mountain Ute Tribe ("Tribe") and certain individual tribal members.[6] The United States issued trust allotments for the parcels comprising the Lands to individual Ute Indians in 1927 and 1933 pursuant to Section 4 of the General Allotment Act.[7] Lands that were allotted to Ute Indians were subject to restrictions on alienation, and otherwise considered held in trust, upon final approval and conveyance.[8] The Indian Reorganization Act of 1934 extended existing periods of trust and restrictions on alienation placed on Indian lands until otherwise directed by Congress.[9] Since the initial allotments, most of the Lands have been conveyed in trust for the benefit of the Tribe[10]. The records of the Bureau of Indian Affairs ("BIA") demonstrate that the Lands have remained in trust status since their initial allotment, and they retain their trust status today.[11]

Petitioner originally filed his petition in Utah state court and alleged that any claim to the Lands had been abandoned.[12] Petitioner asserted that he had right to the Lands through the

---

[4] Motion at 2.

[5] Petition at 6-10.

[6] Motion at 2.

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] Petition at 3.

operation of Utah's adverse possession laws.[13] On September 20, 2017, the state court entered default judgment in case No. 170700009.[14] In doing so, the state court granted Petitioner title to five parcels of land on the basis of adverse possession.[15] A year after entry of the default judgment, the state court granted the United States' postjudgment motion to intervene in the case.[16] The United States then removed this matter to federal court.[17]

On February 1, the United States filed a Motion to Vacate the default judgment arguing that the state court lacked jurisdiction to enter default judgment.[18] That motion was granted on April 18, 2019.[19] The United States now moves to dismiss the Petition for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

## DISCUSSION

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress."[20] "Unless the United States waives its sovereign immunity, thereby consenting to be sued, the federal courts lack jurisdiction to hear claims against it."[21] A plaintiff must "allege in [his] pleading the facts essential to show jurisdiction."[22] There is a

---

[13] *Id.* at 4.

[14] Notice of Removal, Exhibit D, Default Judgment in State Court, docket no. 2-7, filed November 19, 2018.

[15] *Id.*

[16] Notice of Removal, Exhibit A, Order Granting US Motion to Intervene, docket no. 2-2, filed November 19, 2018.

[17] Notice of Removal, docket no. 2, filed November 19, 2018.

[18] United States' Motion to Vacate Default Judgment, docket no. 10, filed February 1, 2019.

[19] Memorandum Decision and Order Granting [10] United States' Motion to Vacate Default Judgment, docket no. 15, filed April 18, 2019.

[20] *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994)

[21] *San Juan County, Utah v. United States*, 754 F.3d 787, 792 (10th Cir. 2014) (internal citations omitted).

[22] *United States ex rel. Precision Co. v. Koch Indus. Inc.*, 971 F.2d 548, 551 (10th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

presumption against a federal court's jurisdiction and the plaintiff bears the burden of proof.[23] If "a federal court concludes it lacks subject-matter jurisdiction, the court must dismiss the complaint.[24]

Federal district courts have original jurisdiction under 28 U.S.C. § 1346(f) over civil actions brought under the Quiet Title Act codified at 28 U.S.C. § 2409a (the "QTA"): actions seeking to quiet title an estate or interest in real property in which an interest is claimed by the United States. The United States has an interest in the Lands because it has held the lands in trust since 1927 and continues to hold the Lands in trust today.[25]

But the Lands are unique in that they are Indian lands held in trust.[26] The QTA does not apply to these lands[27] and the United States has *not* waived its sovereign immunity "from suit by third parties challenging the United States' title to land held in trust for Indians."[28] And even if the Lands were not exempted from the QTA, that same act also explicitly prohibits quiet title actions on the basis of adverse possession.[29]

The provisions of the QTA are very clear: Petitioner cannot pursue a quiet title action as to these specific Lands and cannot do so based on adverse possession. No subject matter jurisdiction can exist over the Petition. In the absence of jurisdiction, the Petition must be dismissed without prejudice.[30]

---

[23] *Penteco Corp. v. Union Gas Sys. Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

[24] *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006).

[25] Motion at 4.

[26] *Id.* at 2.

[27] 28 U.S.C. § 2409a(a).

[28] *Governor of Kansas v. Kempthorne*, 516 F.3d 833, 840 (10th Cir. 2008) (quoting *United States v. Mottaz,* 476 U.S. 834, 842, 106 S.Ct. 2224, 90 L.Ed.2d 841 (1986)).

[29] 28 U.S.C. § 2409a(n).

[30] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1214, 1219 (10th Cir.2006).

**ORDER**

IT IS HEREBY ORDERED that the United States' Motion[31] is GRANTED. The Petition[32] is DISMISSED without prejudice. The clerk is directed to close the case.

Signed December 16, 2019

BY THE COURT

_____
David Nuffer
United States District Judge

---

[31] United States' Motion to Dismiss, docket no. 16, filed June 7, 2019.

[32] Notice of Removal, Exhibit C, Original Quiet Title Petition, docket no. 2-5, filed November 19, 2019.